■ In the Matter of the Claim of RICHARD A. WINSTON JR., Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 175] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 20, 2002, which ruled that claimant was ineligible to receive additional unemployment insurance benefits under Labor Law § 599.

Claimant applied for unemployment insurance benefits under Labor Law § 599, a statute that provides continuing eligibility for individuals attending any "approved career and related training program" (12 NYCRR 482.1 [a]). At the time of his application, claimant was working toward his doctoral

degree in clinical psychology, having enrolled in an on-line graduate school program through Capella University in Minnesota. He was taking a five-credit course that primarily involved writing research papers. Claimant testified that he spent at least 50 hours per week on his course work; however, at this point in his studies, although there was Internet interaction with a professor and other students, he did not attend classes or receive formal instruction. His course work was transmitted over the Internet to a professor at the school. The Unemployment Insurance Appeal Board confirmed the Administrative Law Judge's ruling that claimant was ineligible for benefits under Labor Law § 599 on the ground that his course of study did not include the required attendance "in structured classes of 12 or more hours per week." We affirm.

The Board's interpretation of a statutory provision or regulation will be upheld if it is rational and reasonable (*see Matter of Goldman [Sweeney]*, 233 AD2d 664 [1996]). The definition of "[c]areer and related training" includes a requirement of "attendance at training for at least 12 hours in each week" (12 NYCRR 482.2 [b]). It was reasonable to interpret this regulation as requiring some type of structured instructional setting. Petitioner testified that there was no set time for his interaction with the professor or other students, and "it isn't like you're in a course and you have lectures and you read a textbook." This testimony provided substantial evidence for the conclusion that claimant was ineligible for additional benefits because his educational program did not meet the description of a "[c]areer and related training" program as defined in 12 NYCRR 482.2 (b) (*see Matter of Wasserman [Commissioner of Labor]*, 251 AD2d 883, 884 [1998], *lv denied* 92 NY2d 815 [1998]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.